UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MALIA OBILLO,<br><br>    Plaintiff,<br><br>v.<br><br>I-HEALTH INC.,<br><br>    Defendant. | Case No. 24-cv-02459-PHK<br><br>**ORDER DIRECTING CLERK TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Re: Dkt. 48 |

The Court has reviewed the Parties' Joint Stipulation of Dismissal, wherein the Parties jointly stipulate to the dismissal with prejudice of Plaintiff's individual claims and to the dismissal without prejudice of Plaintiff's putative class claims. [Dkt. 48]. The Stipulation is self-effectuating pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Because no class has been certified in this case, and because any dismissal would not affect putative class members' claims, Rule 23(e) does not mandate either Court approval of the Parties' settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 F. App'x 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action.").

Accordingly, the Clerk of Court is **DIRECTED** to terminate this action from the Court's docket. *Comm. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999*); see also Palma v. TK&K Servs.*, No. 1:23-cv-00434-JLT-CDB, 2023 WL 7167632, at *1 (E.D. Cal. Oct. 21, 2023) ("In light of the parties' filing that is consistent with Rule 41(a)(1)(A)(ii) and the Court's finding above that under the circumstances, Rule 23(e) does not require Court approval of the dismissal, this action has been terminated by operation of law without further order of the

Court.").

**IT IS SO ORDERED.**

Dated: June 2, 2025

_____
PETER H. KANG
United States Magistrate Judge